### 8547

### STATE v. WATSON.

1. EVIDENCE—CONTRADICTION.—Witnesses for the State cannot be contradicted by *showing* they were criminally intimate with the deceased which they had denied as it is not competent to contradict or discredit them on a collateral issue.

2. IBID.—DISCRETION—REPUTATION.—That the trial Judge did not permit a defendant to put up witnesses living in his neighborhood to testify as to his good character after having sworn witnesses on the same point living some distance from his home, is not shown to have been an abuse of discretion.

3. SELF-DEFENSE.—The plea of self-defense does not depend on who fired the first shot, but upon whether the defendant believed, when he struck the fatal blow, that he was in serious peril and whether the jury think from all the circumstances he ought to have formed such belief.

Before GAGE, J., Kershaw, November term, 1912. Reversed.

Indictment against O. H. Watson. Defendant appeals on the following exceptions:

1. "Because his Honor erred in refusing to allow the witness, Bowers, to testify as to the intimate sexual relations existing between the witnesses, Ella Peach and Loma Peach, and the deceased, T. E. Gregory, and his brothers, such testimony having been offered to show interest or bias on the part of the said Ella Peach and Loma Peach.

2. "Because his Honor erred in allowing the solicitor, in his argument to the jury, over the protest of defendant's counsel, to comment upon the fact that the witnesses as to the good reputation of the defendant were from a distance and that none had been produced from the near vicinity of his home; whereas, his Honor had refused to allow the defendant to put other witnesses on the stand to testify as to his good reputation, although he had them present and ready from the near vicinity of his home, such facts having been called to his Honor's attention at the time the protest

was made; and notwithstanding that witness, J. E. Baker, was a close neighbor to defendant.

3. "Because his Honor erred in charging the jury that the question of 'self-defense' might be summed up in the language of the school boy as 'who hit the first lick;' whereas, he should have charged the jury that the question of 'self-defense' depended upon who brought on the difficulty.

4 "Because his Honor erred in charging the jury, without clear qualification, that the question of 'self-defense' depended upon 'who fired the first shot,' and in charging said jury that 'If Watson fired the first shot, then he can not open his mouth and plead self-defense;' whereas, he should have charged the jury that the defendant, Watson, could plead 'self-defense,' even though he fired the first shot, if said shot was fired because of a reasonable belief by defendant that he was in imminent danger of death or great bodily harm at the hands of deceased.

5. "Because his Honor erred in charging the jury, without clear qualification, as follows: 'If the other man fired the first shot, if the peril was there imminent and the controversy was on, Watson had the right to shoot to save himself,' the reasonable inference from said charge being, in the absence of clear qualification, or explanation, that the defendant had no right to shoot unless the other man fired the first shot.

6. "Because his Honor erred in charging that 'self-defense' is a matter of 'who hit the first lick,' or, 'who fired the first shot;' said charge being an abstract proposition, without qualification, explanation or illustration, and, therefore, incomplete and misleading.

7. "Because the whole charge of his Honor on the question of 'self-defense' was incomplete, erroneous, inadequate and misleading to the jury."

*Messrs. Williams & Williams,* for appellant, cite: *Relation of a witness to a party is competent to show bias:* 30

Cyc. 1088. *Upon denial of bias he may be contradicted:* 46 S. C. 55; 34 S. C. 19; 43 S. C. 133; 29 S. E. 767; 35 S. E. 452. *Counsel in argument should keep within the record:* 65 S. C. 248; 35 S. C. 197; 77 S. C. 409; 86 S. C. 374. *Doctrine of self-defense:* 137.

*Solicitor W. Hampton Cobb* and *Messrs. Mendel L. Smith* and *J. C. Massey,* contra, cite: *Contradiction of witness as to relations with a party is not competent as contradiction:* 76 S. C. 105; 89 S. C. 151. *As to counsel keeping within record in argument:* 26 S. C. 118; 65 S. C. 242. *As to self-defense:* 76 S. C. 143.

May 14, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The defendant, O. H. Watson, was indicted for the murder of T. E. Gregory, and, upon his trial, the jury rendered a verdict of guilty, with a recommendation to mercy, whereupon, he was sentenced to imprisonment for a period of four years, and thereafter appealed upon exceptions, which will be reported.

The case of *State* v. *Hasty,* 76 S. C. 105, 56 S. E. 669, shows, that the first exception can not be sustained. In that case the Court having under consideration a similar question, used the following language: "The presiding Judge ruled, that the testimony therein mentioned was irrelevant, and that it was not competent for the purpose of contradiction, as it related to a collateral question. This Court is satisfied, that the testimony was not only irrelevant, but that it was not admissible, for the purpose of discrediting the witnesses for the State, therein mentioned."

The second exception must be overruled, for the reason that it has not been made to appear, that there was an abuse of discretion, on the part of his Honor, the Circuit Judge.

The other exceptions assigning error, on the part of his Honor, the presiding Judge, in regard to the law of self-defense, must be sustained. The presiding Judge charged the jury that if Watson fired the first shot, then he can not open his mouth and plead self-defense.

The testimony as to whether the defendant or the deceased provoked the difficulty was conflicting.

The rule in regard to self-defense, is thus stated in the case of the *State* v. *McGreer,* 13 S. C. 464: "To make out a case of self-defense, two things are necessary: 1. The evidence should satisfy the jury, that the accused actually believed, that he was in such immediate danger of losing his life, or sustaining serious bodily harm, that it was necessary for his own protection, to take the life of his assailant. 2. That the circumstances in which the accused was placed, were such as would, in the opinion of the jury, justify such a belief in the mind of a person, possessed of ordinary firmness and reason. It is not a question which depends solely upon the belief, which the accused may have entertained; but the question is, what was his belief, and whether, under all the circumstances, the jury think he ought to have formed such belief."

The charge of the presiding Judge was not in harmony with the foregoing definition.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial.