9128

BOUNDS v. SOVEREIGN CAMP OF WOODMEN OF THE WORLD.

(85 S. E. 770.)

INSURANCE. FRATERNAL INSURANCE. FORFEITURE. CAUSE OF DEATH. VIOLATION OF LAW. ISSUE FOR JURY.

1. INSURANCE — FRATERNAL INSURANCE — FORFEITURE — QUESTIONS OF FACT.—Under a fraternal benefit certificate void if the member die in consequence of a violation of the State laws, if the facts are admitted, the question whether death was so caused is one of law; but, if the facts are denied or disputed, the question is one of fact.

2. INSURANCE—FRATERNAL INSURANCE—CAUSE OF DEATH—VIOLATION OF LAW—QUESTION FOR JURY.—A fraternal benefit certificate provided that, if the holder died in consequence of the violation of the laws of

the State, the certificate should be void.   In an action on the policy the defense was interposed that the holder came to his death by a gunshot wound inflicted by another in self-defense when attacked by the insured.   It was disputed who fired the first shot and who brought on the difficulty, and whether assured acted in self-defense.   *Held* that, under the evidence, the question as to whether deceased met his death in consequence of a violation of the State's criminal laws was for the jury.

Before WILSON, J., Dillon, October, 1914.   Affirmed.

Action by Richard Bounds and another, by J. Rich Hayes, their guardian *ad litem*, against the Sovereign Camp of the Woodmen of the World.   From a judgment for plaintiffs, defendant appeals on the following exceptions:

First.   His Honor erred, it is respectfully submitted, in not granting the nonsuit asked for by the defendant.

The plaintiffs proved the beneficiary certificate, death of the assured, and the letter from the general attorney of the defendant company.   Exhibit "A."

The only testimony before the Court showing how the deceased came to his death was contained in said letter, which clearly showed that the assured came to his death in consequence of the violation, or attempted violation, of the laws of this State, in that the assured, without just cause or excuse, commenced a difficulty with one Vernon Parham, struck him with his fist on his head, drew a gun on the said Vernon Parham and attempted to shoot and murder the said Parham, and that the said Parham killed the assured in self-defense, and that the death of the assured was the direct, proximate and natural result of the assault of the assured on the said Parham and the ensuing fight.

FOOTNOTE.—As to death while violating law, see notes in 3 L. R. A. 486, 13 L. R. A. 838, 3 A. & E. Ann. Cas. 873, 12 *Id.* 310.   While committing a public offense, 9 L. R. A. 684, 685, 13 L. R. A. (N. S.) 258, 52 L. R. A. (N. S.) 518.

The error being, that the cause of the death of the said assured was within the exemption set forth in the fourth paragraph of the conditions of the said beneficiary certificate, which is valid and binding, and therefore the plaintiffs in this action are not entitled to recover as a matter of law, and the nonsuit should have been granted.

Second. That his Honor erred, it is respectfully submitted, in not granting the direction of verdict asked for by the defendant.

All of the testimony showed that the deceased came to his death in consequence of the violation, or attempted violation, of the laws of this State, in that the assured, without just cause or excuse, commenced a difficulty with one Vernon Parham, struck him with his fist on the head, drew a gun on the said Vernon Parham, and attempted to shoot and murder the said Parham, and that the said Parham killed the assured in self-defense, and that the death of the assured was the direct, proximate and natural result of the assault of the assured on the said Parham and the ensuing fight.

The error being that the cause of the death of the said assured was within the exemption set forth in the fourth paragraph of the conditions of the said beneficiary certificate, which is valid and binding, and therefore as a matter of law the jury should have been instructed to find for the defendant.

Third. That his Honor erred, it is respectfully submitted, in not granting a new trial as asked for by the defendant, as all of the testimony showed that the deceased came to his death in consequence of the violation, or attempted violation, of the laws of this State, in that the assured, without just cause or excuse, commenced a difficulty with one Vernon Parham, struck him with his fist on the head, drew a gun on the said Vernon Parham, and attempted to shoot and murder the said Parham, and that the said Parham killed the assured in self-defense, and that the death

of the assured was the direct, proximate and natural result of the assault of the assured on the said Parham and the ensuing fight.

The error being that the cause of the death of the assured was within the exemption set forth in the fourth paragraph of the conditions of the said beneficiary certificate, which is valid and binding, and therefore the plaintiffs are not entitled to recover in this action, and the defendant was entitled to a new trial, and it should have been granted.

*Messrs. Lee & Moise,* for appellant, submit: *Whether there was a forfeiture was a question of law for the Court:* 30 S. E. 918; 58 S. E. 630. *Death caused by engaging in a fight:* 96 N. Y. 614; 48 Am. Rep. 658; 97 Ind. 478; 49 Am. Rep. 469; 13 L. R. A. 838; 147 S. W. 316; 25 Cyc. 874, 875, 876; 99 Mass. 317.

*Messrs. L. D. Lide, Joe P. Lane* and *H. S. McCandlish,* for respondent, cite: 6 Am. Rep. 115; 8 Am. St. Rep. 913; 25 Am. St. Rep. 685, 692; 112 Am. St. Rep. 368; 48 Am. Rep. 658; 90 Am. Dec. 455; 99 S. W. 930; 13 L. R. A. 258, 262; 3 Am. & Eng. Ann. Cas. 872.

July 9, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiffs had a verdict for $2,126.87 against the defendant on a beneficiary certificate issued by the defendant to Marion H. Bounds, in which the plaintiffs were named as beneficiaries. There is written in the certificate this stipulation:

"If the member holding this certificate * * * should die * * * in consequence of the violation of the laws of the State * * * this certificate shall be null and void and of no effect, and all moneys which shall have been paid, and all rights and benefits which accrued on account of this

certificate, shall be absolutely forfeited without notice or service."

The sole defense is that Marion H. Bounds came to his death under circumstances which brought him within the stipulation, and his children thereby forfeited all benefits under the policy. The defense is expressed in a letter by the general attorney of the defendant to McDaniel, clerk of the local camp where Bounds had held his membership. It reads thus:

"Referring to the claim for benefits under the certificate of the late Marion H. Bounds, we find that Sovereign Bounds' beneficiary certificate was issued October, 1911, and that he died December 30, 1913. We have made a careful investigation of his death, and find that he died of 'gunshot wound' inflicted by A. S. Parham on December 24th. The investigation shows, by evidence of eyewitnesses, that Bounds made an assault on Parham with his fist, knocking him from three to four feet away, and then drew his revolver and fired the first shot. Parham then drew his revolver in self-defense and inflicted the wounds upon Bounds that proved fatal. Bounds' death was, therefore, the consequence of violation of law, and under the terms of his certificate the certificate thereby became null and void."

There testified five alleged eyewitnesses to the transaction, meaning the event of December 24, 1913, when Bounds was killed by Parham.

The three exceptions make the single issue, and it is this: Does the testimony warrant only one reasonable conclusion, which is that Bounds died in consequence of the violation of the laws of the State? The appellant admits in his printed argument that "there is only one point raised by the exceptions."

Whether a man has violated the laws of the State may be a single question of law, or a mixed question of law and of fact. If the fact be admitted, the law makes the infer-

ence; if the fact be denied or disputed, the jury must determine the fact, and then apply the law as declared to it by the Court to the fact so determined. *Pythias Knights* v. *Beck,* 181 U. S. 52, 21 Sup. Ct. 532, 45 L. Ed. 741. Almost every day in the year men are tried in the Sessions Courts of the State for a "violation of the laws," and the issue of guilty or not guilty is always for the jury, unless the defendant shall admit the fact, and that amounts to a plea of guilty. So in the case at bar, had the deceased, Bounds, not died, but survived, and been brought to trial for a "violation of the laws," the public prosecutor must have particularly indicated what specific law he had violated. The words of the stipulation are "violation of the laws of the State." The judgments of the Courts of the different States are in disarray about the meaning of these words, and that, we think, accounts for the different conclusions at which they have arrived. Some of the Courts have gone so far as to hold that the violation of a civil law would forfeit the policy. *Bloom* v. *Franklin,* 97 Ind. 478, 49 Am. Rep. 469.

In the instant case that is plainly not the right construction. The stipulation is that the policy should be forfeited if the insured should die in consequence of a violation of the State's law. The stipulation by necessary inference has reference to the State's criminal laws; and so does the full context of the beneficiary certificate. If that be so, and it must, what criminal laws are referred to? "There must be a clear violation of some criminal law." 1 Cyc., 266. The stipulation works a forfeiture, and he who pleads it must put his finger on the very act which violated a very law, and that act must have been the cause standing next before the death, that is to say, it must have been the proximate cause of the death. The defendant surely admits that; for in this case the plea and the proof are both directed to that end.

The general attorney wrote a letter to the local lodge, already quoted, and stated the facts which worked a forfeiture of the policy. The third paragraph of the answer pleaded the same facts to defeat the policy, to wit:

"The defendant alleges that the said Marion H. Bounds came to his death in consequence of the violation, or the attempted violation, of the laws of the State of South Carolina, in that the said Marion H. Bounds, without just cause or excuse, commenced a difficulty with one Vernon Parham, struck him with his fist on his head, and drew a gun on the said Vernon Parham and attempted to shoot and murder the said Vernon Parham, and the said Parham killed the said Bounds in self-defense."

Four witnesses were sworn to sustain the allegations of the complaint. The allegation amounts to a charge of assault and battery with intent to kill, and the testimony tended to prove it. Plainly, therefore, the defendant had cast upon it the burden of proving, and it undertook to prove before the jury, that Bounds assaulted Parham and intended to kill him, and that without cause, that is to say, unlawfully.

It has been frankly admitted by appellant's counsel that "it could not be said that one who was engaged in protecting his own life (or body from serious harm) was violating any law of this State;" that is to say, if Bounds assaulted Parham in self-defense, then Bounds was within, and not without the law, and the policy had not been forfeited. The admission is but a statement of the law; for he who defends himself preserves the law as well as himself. In legal contemplation then, Bounds is now, though dead, on trial for assault and battery, and his counsel has pleaded for him not guilty. If Bounds acted in self-defense, he is not guilty, and his policy has not been forfeited. To determine that issue appeal must be had to the testimony.

And the issue here is not whether the testimony by a preponderance satisfies a Court that Bounds violated the law, that is, that he made the assault upon Parham with malice, and not in self-defense; the issue here is whether the testimony thereabout is conflicting, much or little, so that it ought to go to the constitutional tribunal, the jury, to find the fact.     It is true that, if all the testimony be one way, then the issue comes to be one of law for a Court.

Testimony: The fight happened in a country store, on Christmas Eve, about 11 o'clock at night, in the presence of six or more witnesses.     Both of the principals, and perhaps others, had been "drinking," and both the principals had pistols on their persons, and fired the one at the other, and there were seven or eight shots.     The transaction was started and ended in "five or ten minutes."     Bounds was leaning on a counter.     Parham "pushed" or "pulled" or "shoved" him down to the floor.     Parham apologized, and Bounds said, "All right."     But "they kept talking on for something like five minutes, arguing and got to cursing." Bounds called Parham a "damn rascal," and Parham returned the epithet.     Bounds struck Parham with his fist. Four of the witnesses say Bounds then shot first at Parham.     One witness says:

"I saw Parham reach for his gun * * * and I saw Bounds reach for his, * * * and when I saw Bounds reach for his I got across the other side, and time I could turn around both were shooting."

This recital is the essence of the testimony.     Plainly, it does not make a case of mutual combat, but, if it does, the issue thereabout is so complex as to require a verdict of a jury as to whether it was an agreement to fight or a sudden affray.     The fight was in time and place so closely connected as to make one the whole transaction, starting with a shove by Parham, and ending with a shot by Parham; but, if it was not one transaction, the testimony is so

involved thereabout as to require the submission to a jury of the issue as to whether it was one fight or one assault and the renewal of it.

Upon the controlling issue of self-defense, had Bounds not died, and had there been cross-indictments for assault and battery with intent to kill on the trial thereof, and upon the testimony here adduced, a Court could no more have instructed the jury, as a matter of law, that Bounds was guilty than it could have instructed the jury that Parham was guilty. In the trial of Parham for murder the issue was submitted to a jury; and the issue of Bounds' guilt must also be so submitted. It is surely not beyond dispute who brought on the difficulty; it is not beyond dispute who fired the first shot, and, if it was, that single fact would not settle the issue of self-defense (*State .v. Watson,* 94 S. C. 458, 78 S. E. 324) ; it is not beyond dispute whether Bounds was in a place of imminent danger to his person or his life; it is not beyond dispute whether Bounds so believed, and assaulted Parham to save his own life or to save his body from serious harm. It is elemental law, and, therefore, law of the gravest import, and all these issues affect the liberty of the citizen, and may only be settled by the verdict of a jury. It matters not that a jury has acquitted. Parham of murder; it is not pretended by the appellant that such verdict is conclusive of the issue here. The plea in that case was "not guilty," and we do not know from the record, and cannot know from other sources, upon what gound Parham was acquitted.

Finally, we have not discussed the many cases from other jurisdictions cited by counsel. Some of the Courts go a long way towards assuming to decide for themselves whether a particular act is a violation of law. They fully sustain the contention of the defendant. Others of them take the view which we have come to, that where the facts are at all in reasonable dispute, a jury must decide whether

in a particular case the policyholder "died in consequence of the violation of the laws of the State."

Our opinion is that the judgment of the Circuit Court be affirmed